HALLETT *v.* HALLETT.

DIVORCE—DIVISION OF PROPERTY—EQUITY.

> In divorce case on grounds of extreme cruelty between parties who had been married over 29 years and had three adult sons, division of property which took into consideration a hardware business in profits of which defendant had participated since marriage to plaintiff and which he finally inherited from his parents *held,* not inequitable as there is no rigid rule of division of property in divorce cases, the security of a living for the wife being a major consideration.

Appeal from Montcalm; Hawley (Royal A.), J. Submitted January 8, 1937. (Docket No. 76, Calendar No. 39,216.) Decided March 2, 1937.

Bill by Caroline S. Hallett against Le Roy Hallett for a divorce on grounds of extreme cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Charles H. Goggin,* for plaintiff.

*Glocheski & Glocheski,* for defendant.

BUSHNELL, J. Defendant, against whom a decree of divorce was granted, contends that the property award therein to his wife is grossly inequitable. The parties when married in 1904 had neither money nor property. After the death of his father in 1933 and prior to the filing of the bill of complaint herein, defendant as a sole heir acquired the remaining interest in a retail hardware business from which he had been receiving a part of the profits during his parents' lifetime.

It is argued that the inherited property, towards which the wife contributed nothing, either by conservation or improvements, should not have been considered by the trial court in arriving at a division of property between the parties. Appellant does not cite any authority in support of this contention.

The record discloses the story of a wife who reared three sons to manhood, and at the same time maintained for the family a respected place in the community notwithstanding the conduct of her husband.

The trial judge was well informed as to the entire situation and exhibited considerable judicial patience during the pendency of the action despite the defiant and evasive attitude of the defendant.

There is no rigid rule of division of property in divorce actions "and the security of a living for the wife is a major consideration." *Mayer* v. *Mayer,* 266 Mich. 241. See, also, *Robinson* v. *Robinson,* 275 Mich. 420.

A review of the testimony does not disclose any inequities, or any other reason for disagreement with the trial court's findings, which would require a modification of the property division as provided in the decree.

The decree is affirmed, with costs to appellee.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred.