TROTMAN v. TROTMAN.

1. DIVORCE—CROSS APPEAL—ALIMONY.
   Where plaintiff wife in suit for divorce filed no cross appeal, her requests for additional alimony are not considered.

2. SAME—REHEARING—RECORD.
   Defendant husband's motions for rehearing in suit for divorce on ground of newly-discovered evidence and voluntary acts of sexual intercourse subsequent to filing of bill for divorce *held*, properly denied under record presented.

3. SAME—DIVISION OF PROPERTY—SECURITY OF LIVING FOR WIFE.
   There is no rigid rule of division of property in suits for divorce although the security of a living for the wife is a major consideration.

4. SAME—DIVISION OF PROPERTY.
   Division of property and award of permanent alimony whereby wife, about 50 years of age and in ill health was awarded real and personal property worth about $7,750 and $800 alimony and husband, a skilled laborer, but in poor health and unemployed was awarded stock worth $3,000, an automobile and other property *held*, not inequitable.

Appeal from Oakland; Noe (Alton H.), J., presiding. Submitted June 17, 1948. (Docket No. 29, Calendar No. 43,972.) Decided September 8, 1948.

Bill by Agnes Trotman against Gerald B. Trotman for divorce on ground of extreme and repeated

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am. Jur., Divorce and Separation, § 517.
[2] 17 Am. Jur., Divorce and Separation, § 423.
[3, 4] 26 Am. Jur., Husband and Wife, § 116.
[4] 17 Am. Jur., Divorce and Separation, §§ 596–598.
[4] Earning capacity or prospective earnings of husband as basis of alimony. 6 A.L.R. 192, supplemented in 139 A.L.R. 207.

cruelty. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. On partial rehearing, decree confirmed. Defendant appeals. Affirmed.

*Howlett & Hartman,* for plaintiff.

*George A. Cram,* for defendant.

BUSHNELL, C. J.   The parties hereto were married on July 12, 1920.   Three children were born to them, one of whom is now living but of sufficient age so as not to be affected by a divorce decree.   On February 25, 1946, plaintiff Agnes Trotman filed a bill of complaint containing allegations of cruelty, accompanied by a petition for temporary alimony, attorney fees, et cetera.

On March 14, 1946, an order was entered requiring defendant Gerald B. Trotman to pay plaintiff $15 per week for the support and maintenance of the minor daughter and an attorney fee of $75.   Later a motion was made in which temporary alimony was sought and an order was entered requiring Trotman to pay the friend of the court temporary alimony, for the benefit of his wife, of $100 per month, and, in default thereof, she was authorized to sell a certain automobile in her possession and apply the proceeds thereof towards her support.

On February 10, 1947, defendant filed a cross bill which plaintiff answered.   A decree was entered on August 12, 1947, granting plaintiff a divorce and fixing the property rights of the parties.

Prior to the entry of this decree a motion was filed by the defendant for a rehearing on the basis of newly-discovered evidence, which motion was denied on the same day the decree was entered.   On August 27, 1947, a second motion for rehearing was filed with an affidavit attached, in which it was claimed

by the defendant that the parties voluntarily engaged in acts of sexual intercourse on August 3 and 9, 1947. A consent order was entered granting a partial rehearing on the claims made in a second petition for rehearing. After taking testimony the trial judge determined as a matter of fact that no acts of sexual intercourse had taken place as charged, and the original decree was affirmed.

Defendant has appealed both from the decree and the trial judge's refusal to modify the original opinion. Plaintiff urges that the decree be affirmed and that the defendant be required to pay temporary alimony from August 12, 1947 to the date of our decision. No cross appeal having been filed by plaintiff, we do not consider any of the aspects of her alimony request.

As to defendant's contention that the questions raised on his motions for rehearing were erroneously decided, an examination of the record requires agreement with the trial judge's findings.

The principal question to be determined is whether proper disposition was made of the property owned by the parties.

The decree awarded plaintiff, as permanent alimony, the title to certain lots, household goods, and personal belongings except the personal ornaments, clothing and like effects of the defendant and his automobile and truck, which were all awarded to him. A cemetery lot was decreed to be the property of the parties as tenants in common. Bank deposits were decreed to "remain as they are at the present time." The husband was ordered to pay plaintiff an additional $800 within 12 months as permanent alimony and $200 attorney fees; insurance policies were terminated and plaintiff was to be paid $1 in lieu of dower. The wife is a woman of approximately 50 years of age, afflicted with an eye malady be-

cause of which her earning capacity will be at a minimum.

In reviewing *de novo* the instant property settlement we have in mind the rule laid down in *Hallett* v. *Hallett,* 279 Mich. 246, where it is said:

"There is no rigid rule of division of property in divorce actions 'and the security of a living for the wife is a major consideration.' *Mayer* v. *Mayer,* 266 Mich. 241. See, also, *Robinson* v. *Robinson,* 275 Mich. 420."

The testimony shows that the real estate, one of which parcels was the home of the parties, has a value of $6,250, and the household furnishings, $1,500. The stock awarded to the defendant has a value of $3,000, and in addition he retains the Chevrolet automobile and other property.

The $800 awarded to plaintiff was presumably to provide for her contemplated eye operation. The only insurance involved is presently payable to defendant and upon his death, to plaintiff, and is that which came to the parties by reason of the death of a son. Since their life expectancy is about the same, little or nothing will probably be paid to the wife. It is true that the record shows that the defendant is neither in excellent health nor employed, but he is nevertheless a skilled laborer. On the other hand, plaintiff has no training and is also in poor health. The trial judge's determination cannot be said to unjustly favor the plaintiff.

The decree is affirmed, with costs to appellee.

SHARPE, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.