REUTER v. REUTER.

1. DIVORCE—DESERTION—JUSTIFICATION—EVIDENCE.

Evidence presented on behalf of wife whose husband obtained decree of divorce on cross bill on ground of desertion *held*, not to have justified her abandonment of defendant and the home.

2. SAME—RECONCILIATION—EVIDENCE.

Record in suit wherein husband was granted divorce on cross bill on ground of desertion *held*, not to justify upsetting of finding of trial court that defendant's efforts to persuade plaintiff to return to him were spurned by her, that she had never been willing to consider coming back and that her absence from the home had been against his wishes.

3. SAME—SUPPORT OF CHILD—ALIMONY—INCOME.

Award to wife of $25 per week for support of infant child of the parties and $10 weekly as permanent alimony to her in suit for divorce was not inadequate or improper under all the circumstances, where it appears husband's net take-home pay was $103 per week and $50 per month on land contract on which the unpaid balance then due was only $1,000.

4. SAME—DIVISION OF PROPERTY—ATTORNEY FEES—DEBTS.

Equal division of $12,000 worth of undisputed property of husband, at termination of 17 months of married life, at least half of which property had been given him by his parents *held*, not unjust to plaintiff wife, where decree had been

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur, Divorce and Separation § 87 *et seq.*
[1, 2] Separation within statute making separation a substantive ground for divorce. 51 ALR 763; 97 ALR 985; 111 ALR 867; 166 ALR 498.
Desertion as affected by element of remonstrance or resistance. 3 ALR 503.
[3, 4] 17 Am Jur, Divorce and Separation §§ 445, 596 *et seq.*
[3, 4] Earning capacity or prospective earnings of husband as basis of alimony. 6 ALR 192; 139 ALR 207.

awarded to husband on cross bill on ground of desertion, even if defendant had more than a contingent interest in gift of property valued at $42,000 from his parents; it appearing that defendant had paid plaintiff temporary alimony, her attorney some $750, over $1,000 in doctor and hospital expense for the child and some $500 in debts which she incurred when she deserted defendant.

5. SAME—COSTS.

No costs are allowed upon affirmance of decree of divorce granted husband, where wife appealed.

Appeal from Wayne; Weideman (Carl M.), J. Submitted October 6, 1953. (Docket No. 4, Calendar No. 45,867.) Decided November 27, 1953.

Bill by Maureen E. Reuter against J. Warren Reuter for divorce from bed and board. Cross bill by defendant against plaintiff for absolute divorce on ground of desertion and extreme cruelty. Decree for defendant on cross bill. Plaintiff appeals. Affirmed.

*Edward N. Barnard,* for plaintiff.

*Moll, Desenberg, Purdy & Glover,* for defendant.

DETHMERS, C. J. Plaintiff appeals from decree of divorce granted to defendant, contending that he did not make out a case for divorce on his cross bill charging extreme cruelty and desertion. After 17 months of married life plaintiff took the parties' infant child, together with their furniture and household effects, from their apartment and went to live with her parents without previous warning to defendant of such intention. For more than 2 years thereafter, until the filing of defendant's cross bill and up to the time of trial, she had not returned to him. She contends that her abandonment of home and husband was justified by his conduct. She testi-

fied in that regard that he beat her on 1 occasion and pushed her across the floor on another, that he had preferred being at his business rather than at home with her and frequently left her alone, and that there had been constant bickering between them over finances. He testified that the alleged beatings were "love pats" or, at most, scuffles in which he had intended no violence and inflicted no injury. The court found her claims in that regard exaggerated. Defendant claimed that plaintiff constantly voiced dissatisfaction with defendant, their home and social standing, nagged, and demanded that he procure a large, expensive home, another automobile, domestic help, better clothes for himself, et cetera, and that because these were not forthcoming she left him. We agree with the trial court that the incidents relied upon by plaintiff were insignificant and not sufficient to justify her abandonment of defendant and the home. Each claimed to have made attempts thereafter at reconciliation and each denied that the other had made genuine attempts at or evidenced any interest in reconciliation. The husband insisted that his efforts to persuade his wife to return to him were spurned by her, that she had never been willing to consider coming back and that her absence had been against his wishes. The court found in accord with the husband's version. We do not find that the record requires upsetting that finding and the consequent award of divorce for desertion.

The husband's net take-home pay was $103 per week. In September of 1951 he was receiving payments of $50 per month on a land contract on which the unpaid balance then due him was only $1,000. On that basis, after requiring defendant to pay $25 weekly for child support, the provision of the decree that he pay plaintiff $10 weekly as permanent alimony was not, as she contends, inadequate or improper under all the circumstances of the case.

Assets concerning which there is no dispute, owned by defendant at time of trial, consisted of approximately $12,000 in bonds, stock, bank accounts and a land contract. Under the decree plaintiff was awarded, as property settlement, the furniture and household effects and $5,000 in cash, and the remainder was awarded to defendant. When plaintiff deserted defendant she had incurred about $500 in debts, which he paid; after the separation the child became sick and defendant paid in excess of $1,000 for doctors and hospital care for him; defendant paid plaintiff's attorney $750 attorney fees and paid plaintiff temporary alimony throughout pendency of proceedings. Plaintiff complains that the award to her was grossly inadequate, claiming that, in addition to the above-mentioned assets, defendant owned other bonds and funds of a total value of $42,000, which the trial court did not take into account in making the award. She testified that said assets were a gift made by defendant's parents to him during the marriage and placed in the parties' safety-deposit box by the mother. Defendant testified that those assets were a gift from his father to his mother, in which he had but a contingent interest effective only in the event of her death. We are not persuaded by the record that defendant owned them as claimed by plaintiff nor that, if her claim in that regard were true, any injustice was done plaintiff in not awarding a portion thereof to plaintiff as a reward for desertion after only 17 months of married life, particularly in view of the equal division between the parties of what was undisputedly the property of defendant, at least half of which was given to him by his parents during the marriage.

Affirmed, without costs.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.