MORRISH *v.* MORRISH.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.
     Extreme cruelty on part of husband *held,* established by wife by showing of unreasonable accusations of infidelity.

2. SAME—DIVISION OF PROPERTY—SECURITY OF LIVING FOR WIFE.
     There is no rigid rule for division of property in divorce actions, the security of a living for the wife being a major consideration.

REFERENCES FOR POINTS IN HEADNOTES
[1]  17 Am Jur, Divorce and Separation §§ 61, 63.
[2, 3]  17 Am Jur, Divorce and Separation § 445.

3. SAME—DIVISION OF PROPERTY—EQUITY.

>Division of property at termination of marriage lasting 6 years
>because of extreme cruelty of husband *held,* equitable under
>the circumstances, where husband is ordered to pay wife $20,000
>cash, $300 for her attorney fee and such personal property as
>she chose and he was awarded real estate valued at $25,000,
>some other land and vacant lots, 700 shares of stock, life in-
>surance totalling $25,000, and 2 automobiles, and while wife is
>unable to earn her own living he is receiving a disability income.

Appeal from Genesee; Gadola (Paul V.), J.   Sub-
mitted June 5, 1953.   (Docket No. 63, Calendar No.
45,876.)   Decided November 27, 1953.

Bill by Catherine P. Morrish against Ray S. Mor-
rish for divorce on ground of cruelty.   Decree for
plaintiff.   Defendant appeals.   Affirmed.

*Guy W. Selby (Fred A. Sauer,* of counsel), for
plaintiff.

*Fred S. Flick,* for defendant.

BUSHNELL, J.   Plaintiff Catherine P. Morrish and
defendant Ray S. Morrish were married on July 20,
1944.   They lived happily together until some time in
1950, when they separated.   The defendant and
cross plaintiff, a surgeon, claims that on May 4,
1950, when he came home late that night, after being
at the hospital, he found his wife with another man
in a compromising situation.   The party involved,
who testified as a witness for the plaintiff, absolute-
ly denied the allegations and said that the doctor was
present at all times when he was in the home of the
parties.   The wife also denied this charge.   The de-
fendant further claims that his wife told him after
this incident that she had something to say to him,
and that she had "wronged him."   This, the wife
categorically denied.   In any event, shortly after

the alleged incident occurred the wife, pursuant to previously made plans, left for California to visit her mother. She returned home on July 13, 1950, with her mother, and claims that when she arrived she was again accused by the defendant of infidelity. She returned to California on July 22d. During her absence her husband wrote her many endearing letters.

In August of 1950, Mrs. Morrish began a divorce action, which was later dismissed. She returned home about September 16, 1950, because her husband had been stricken with a cerebral thrombosis and was in a hospital. Mrs. Morrish visited him there a few times, but, according to the doctor, was not kind to him. On the contrary, she accused him of ill treatment. The relations between the parties failed to improve and they again separated on December 28, 1950, after which this suit was instituted for divorce and her husband filed a cross bill.

The defendant was 64 years old at the time of the trial, and since his illness has been unable to practice his profession. The bulk of his property was accumulated prior to his marriage. Plaintiff was 45 years old at the time of trial. She had $600 in bonds when she married. In 1949 she had a major operation and has since been unable to do any continuous work.

A decree was entered in favor of the wife, the husband being required to pay the sum of $20,000 in cash. He was given all the real estate and each is to choose such personal property as she or he might individually desire. The sum of $1 was awarded as permanent alimony, and $300 was allowed for the wife's attorney's fee.

Defendant appeals from this decree on the ground that it is not in accordance with the weight of the evidence, and that the division of property is unjust and inequitable.

The finding that the wife had established grounds for a divorce is in conformity with the rule expressed in *Brookhouse* v. *Brookhouse,* 286 Mich 151; and *Whitman* v. *Whitman,* 286 Mich 458.

There is no rigid rule for division of property in divorce actions. The security of a living for the wife is a major consideration. *Hallett* v. *Hallett,* 279 Mich 246. The facts are distinguishable from those in *Hall* v. *Hall,* 307 Mich 502, and *Maynard* v. *Maynard,* 329 Mich 247. Although plaintiff bore no children to defendant, she gave him happy companionship for about 6 years. In the *Maynard* and *Hall Cases* the wife was the wrongdoer and contributed very little to the marriage. While the property here in question was accumulated prior to the marriage, there is no showing that the wife married defendant for his money. In fact, there is every indication that the wife would have continued living with her husband if he had been more reasonable and had not elected to accuse her of infidelity.

It is obvious that the plaintiff is unable to support herself by any remunerative employment, and we agree with the trial judge's view that she cannot earn her own living. On the other hand, the husband is receiving disability income. He has the home and an adjacent lot appraised at $25,000, which the trial judge thought was too high; some land in Flint township; some vacant lots; land in Canada worth $2,500; 400 shares of General Motors stock; and 300 shares of Sears Roebuck stock; life insurance totaling $25,000; and 2 automobiles.

The decree is affirmed, with costs to appellee.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.