MACDONALD v. MACDONALD.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW.
The Supreme Court hears chancery cases *de novo* on the record presented.

2. DIVORCE—EXTREME CRUELTY—THREATS—FILTH.
Record in suit for divorce sufficiently established case for granting plaintiff a divorce on the ground of extreme cruelty, it appearing defendant had threatened to kill plaintiff, that the parties never went anywhere or had any friends and that defendant had always been dirty in his person.

3. SAME—BRIEFS.
No costs are allowed appellee wife in suit for divorce upon affirmance of decree, where she filed no brief in the Supreme Court.

Appeal from Wexford; Holbrook (Donald E.), J., presiding. Submitted April 7, 1954. (Docket No. 19, Calendar No. 46,065.) Decided June 7, 1954.

Bill by Lola MacDonald against Ronald MacDonald for divorce. Decree for plaintiff. Defendant appeals. Affirmed.

*Miltner & Miltner,* for defendant.

BOYLES, J. The defendant appeals from a decree entered in the circuit court for Wexford county granting his wife a divorce. The only claim raised by appellant for reversal is that the bill of complaint does not allege, and the proofs do not establish, grounds for divorce.

The bill of complaint alleges as follows: That the parties were married in 1925 and lived as husband

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 814.
[2] 17 Am Jur, Divorce § 401.
[3] 17 Am Jur, Divorce § 563.

and wife until June, 1952; they had 3 children, the oldest, age 22, married, the other 2 aged about 13 and 10; that the defendant had threatened to kill the plaintiff on numerous occasions, the last time just before Christmas, 1951, and on other occasions had threatened great bodily harm; that plaintiff was afraid of defendant; that during their married life defendant had refused to take plaintiff anywhere in a social way or permit her any social life or activities; that they had no physical relations for more than 7 years because of the defendant's unclean and filthy habits; that defendant had done nothing to maintain a clean home or personal cleanliness; that the defendant for many years had maintained himself in a dirty, unclean manner, refused to change his clothes, until his habits made it impossible for her to live with him as man and wife.

The bill sufficiently alleges grounds for divorce.

The proofs showed that they never went anywhere or had any friends; that the defendant had always been dirty; that he had a car but never allowed her to use it, that the defendant would take the car and go away but did not take the plaintiff; that they had separated several times and the defendant coaxed her back; that the defendant promised to change his personal habits, but did not do so; that the defendant slept in the underwear he wore all day, had a dirty job, smelled bad, wouldn't change his clothes; that his habits were unclean about the house; that defendant was always accusing her of "being out with some man;" that they had not lived as man and wife for 3 years; that he used to drink a lot, go out and be gone all night; that on one occasion he came home and, after drinking some beer, got into bed with his clothes off, bruised her arms and she called the police, that their son-in-law came in, made him promise not to molest her, and to go to bed; that he told her:

"*A.* \* \* \* 'I'll show you what I would do.' He said, 'I haven't anything to live for any more, anyway, but when I go you're going, too.'

"*Q.* When he said this how did you take it to mean?

"*A.* He meant it.

"*Q.* What was your interpretation of what he said?

"*A.* I thought that was a threat.

"*Q.* A threat of what?

"*A.* To kill me.

"*Q.* Did he make a statement like that to you in seriousness?

"*A.* Yes, he was serious."

The proofs further showed that the defendant also made threats at other times—that if she left, he would find her and it would be the end for both of them, that he said he had nothing to live for anyway. The defendant denied most of the above testimony of the plaintiff.

Except for a character witness for the plaintiff, the parties were the only witnesses sworn at the hearing. The trial judge had the advantage of seeing and hearing them on the witness stand. Perhaps this weighed in the balance more heavily for the plaintiff. We hear chancery cases *de novo*, and the record here is convincing that the proofs in their entirety sufficiently establish a case for granting the plaintiff a divorce on the ground of extreme cruelty, and we so find. No question has been raised but that it properly adjudged the matter of custody of minor children, alimony, support and maintenance property settlement, insurance, attorney fees and costs, and other statutory requirements.

Affirmed. No costs, appellee not having filed a brief in this Court.

Butzel, C. J., and Carr, Bushnell, Sharpe, Reid Dethmers, and Kelly, JJ., concurred.