SCHERBA v. SCHERBA.

1. DIVORCE—QUESTIONS REVIEWABLE—ANTENUPTIAL AGREEMENTS—SPECIFIC PERFORMANCE.

Considerations which would be material in a suit for specific performance of an antenuptial agreement would not necessarily be considered material in a suit for divorce, since the question of specific performance of such agreement is not before the court in a suit for divorce.

2. SAME—PROPERTY SETTLEMENT—EQUITY.

Award of property to 53-year-old wife on her cross bill for divorce from 62-year-old husband whereby $13,489.88, the present value of life estate of wife in house husband had built shortly after parties were married about 4 years theretofore plus $1,000 *held,* not unjust nor inequitable to either party.

3. SAME—PROPERTY SETTLEMENT—ANTENUPTIAL AGREEMENT.

The fact that the trial court in a suit for divorce between 53-year-old wife and 62-year-old husband, brought less than 2 years after parties were married awarded wife the present value of a life estate in property upon which husband had erected a house shortly after the marriage, the amount she would have obtained under an antenuptial agreement had the husband predeceased her, *held,* not to amount to specific performance of the agreement.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 17 Am Jur, Divorce §§ 15, 551.
[2] 17 Am Jur, Divorce § 600.

4. HUSBAND AND WIFE—ANTENUPTIAL AGREEMENT—SPECIFIC PER-
   FORMANCE—DIVORCE.
   It would not accord with public policy to permit enforcement
   of an antenuptial agreement if its provisions actually did
   undertake to govern as to property settlement or alimony in
   the event of a divorce.

5. DIVORCE—DE NOVO REVIEW.
   A suit for divorce is heard by the Supreme Court *de novo*.

6. SAME—DIVISION OF PROPERTY.
   Whether or not the division of property in decree of divorce was
   unjust or inequitable to either party is the only applicable test
   as to its propriety.

Appeal from Wayne; Jayne (Ira W.), J. Sub-
mitted June 9, 1954. (Docket No. 9, Calendar No.
46,141.) Decided September 8, 1954.

Bill by Frank Scherba against Mary Scherba with
cross bill resulting in divorce and property settle-
ment for defendant. Plaintiff appeals. Affirmed.

*Louis A. Gottlieb,* for plaintiff.

*Joseph Charnoske,* for defendant.

DETHMERS, J. Plaintiff appeals from a decree of
divorce granted to defendant on the ground of ex-
treme and repeated cruelty which awarded her a
property settlement in the amount of $14,489.88.

Plaintiff's first contention is that a decree of di-
vorce should not be granted to a cross plaintiff who
comes into court with unclean hands and fails to do
equity. This he amply supports with citations but
neglects to point out nor does the record disclose the
applicability thereof to defendant's position in this
case.

· Plaintiff's further complaints relate to the prop-
erty settlement provisions of the decree. Parties
were married October 19, 1949, no children were
born to the marriage and at the time of trial plaintiff
was 62 and defendant 53 years of age. The decree

was entered February 10, 1953. A so-called antenuptial agreement between the parties, dated and apparently drawn the day before the marriage but signed by them some days thereafter, represented the plaintiff as owning cash and property described therein of a total value of $36,048 and provided that defendant should receive out of plaintiff's estate the sum of $1,000 and a life estate in a dwelling house to be constructed on described premises. On April 13, 1951, the parties signed an agreement purporting to cancel the antenuptial agreement. After trial, but before entry of decree, plaintiff's attorney filed with the trial court a letter to the effect that he had learned, upon consultation with the legal staff of a trust company, that the then present value of defendant's life estate in the dwelling house would be $13,489.88 and the trial court found accordingly. The decree awarded defendant that sum plus $1,000, thus giving her, in effect, what she would have received under the antenuptial agreement had plaintiff predeceased her at that time.

Plaintiff says that the court erred (1) in relying upon mortality tables, rather than defendant's own admissions on trial concerning her poor health, in determining the value of her life estate, (2) in giving effect to the antenuptial agreement without regard to the respective ages of the parties, the state of their health, their previous marriages, the contribution or lack thereof on the part of the wife to the husband's property, et cetera, (3) in failing to find that defendant by her conduct had forfeited her rights under the antenuptial agreement, (4) in failing to find that the antenuptial agreement had been cancelled by the subsequent agreement, and (5) in failing to find that there had been no consideration for the antenuptial agreement. These are considerations which would be material to a suit for specific performance of the antenuptial agreement by defendant

at the death of plaintiff. The question of whether defendant is entitled to specific performance of such antenuptial agreement is not before the court in a divorce suit. The court granted the wife a decree of divorce because of the extreme and repeated cruelty of the husband and in so doing was empowered and required to make such provisions for alimony and property settlement for the wife as the court deemed equitable and just. CL 1948, § 552.23 *et seq.*, § 552.101 *et seq.* (Stat Ann and Stat Ann 1953 Cum Supp § 25.103 *et seq.*, § 25.131 *et seq.*); *Mayer* v. *Mayer,* 266 Mich 241; *Robinson* v. *Robinson,* 275 Mich 420; *Montgomery* v. *Montgomery,* 221 Mich 31. That the trial court may have viewed the agreement of parties as to what provision should be made for defendant in the event the marriage were terminated by plaintiff's death as some sort of guide as to what would be a just and equitable provision for her when the marriage was terminated by plaintiff's cruelty does not seem to us necessarily amiss. That did not amount to specific performance of the antenuptial agreement inasmuch as its provisions related to the situation which would result from plaintiff's predeceasing defendant and not to the one resulting from their divorce; nor would it accord with public policy to permit enforcement of an antenuptial agreement if its provisions actually did undertake to govern as to property settlement or alimony in the event of a divorce. See 70 ALR 826. We hear the case *de novo.* On the record presented we do not find the provisions of the decree for the defendant unjust or inequitable to either party. On the basis of that, the only applicable test, the decree is affirmed, with costs to defendant.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.