## WHITTAKER *v.* WHITTAKER.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW.
   Chancery cases are heard by the Supreme Court *de novo* on the record presented.

2. SAME—CHANCERY CASES—RECORD.
   The decree of the trial court in a chancery case is sustained by the Supreme Court, where based upon testimony of witnesses whom the trial court had the advantage of seeing and hearing, unless the record fails to sustain the decree.

3. DIVORCE—EXTREME CRUELTY—EVIDENCE.
   Decree for defendant husband on his cross bill for divorce on the ground of extreme cruelty, based on wife's false accusations of infidelity and disregard of the financial obligations and responsibilities of the parties, *held*, sufficiently established by proofs.

4. SAME—DIVISION OF PROPERTY.
   There is no rigid rule for division of property in suits for divorce, but it should be fair and equitable under all the circumstances involved, not necessarily equal, important considerations being the situation and needs of minor children, conduct of the parties, duration of marriage, contributions of the parties to the joint estate, their age, health and station in life, circumstances and necessities.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 815.
[2] 3 Am Jur, Appeal and Error § 1163 *et seq.*
[3] 17 Am Jur, Divorce and Separation §§ 63–65.
[4, 5] 17 Am Jur, Divorce and Separation § 445 *et seq.*
[6] 17 Am Jur, Divorce and Separation § 580.

5. Same—Division of Property.

Division of property in suit for divorce terminating marriage of 12 years, whereby wife, although found to be at fault, was awarded custody of 3 minor children, $65 per week for support and maintenance of the children, $15 per week alimony, out of his $132 weekly net pay after deduction of withholding tax, the home valued at $17,000 against which stands a mortgage of $5,800, household furniture having replacement value of $7,000 and an automobile valued at $700 and awarding husband stock in a corporation of which he was president, and assets of subordinate business valued at $2,900 together with his continuing responsibility for debts of $6,400 and costs of suit is not disturbed on appeal, it appearing that no inequity has been done.

6. Same—Costs.

No costs are awarded on appeal from decree of divorce awarded to husband and dividing the property between them, where wife appealed and decree is affirmed.

Appeal from Muskegon; Beers (Henry L.), J. Submitted May 6, 1955. (Docket No. 74, Calendar No. 46,446.) Decided October 3, 1955.

Bill by Dorothy M. Whittaker against Stanley W. Whittaker for separate maintenance. Decree of divorce for defendant on his cross bill of complaint. Plaintiff appeals. Affirmed.

*Temple, Brown, Temple & Williams* (*Meyer Weisenfeld*, of counsel), for plaintiff.

*Hathaway, Latimer, Clink & Robb* (*H. Winston Hathaway*, of counsel), for defendant.

Smith, J. This is a suit for divorce. The plaintiff and appellant is Dorothy M. Whittaker. The defendant and appellee is Stanley W. Whittaker, president of the Whittaker Electric Company. The parties were married in 1940, lived together until 1952, and their union was blessed with 3 children, 8, 10 and 11 years of age.

Appellant filed a bill for separate maintenance against her husband. She charged that he was infatuated with another woman, an employee of the company, and, in addition, that he conducted himself in an uncultivated and boorish manner. He filed a cross bill for divorce, denying both charges and complaining, in turn, that her false accusations of infidelity had impaired his business and social reputation and were destructive of company morale. He charged, also, that she was reckless in her care of the family funds, thus injuring his credit standing, and that she had alienated the affection of his children.

More of the details of this domestic tragedy we need not recount. Nor need we summarize the testimony adduced by the parties in support of their respective contentions. The trial court found that appellant had wholly failed to establish the allegations in her bill of compaint. As to her charges of misconduct with a company employee, the court found that appellant, after having brought these charges and allegations to the attention of many persons, including various employees of the company, had failed to substantiate them and, in fact, had placed "unwarranted interpretations" upon ordinary conduct. As for the cross bill, the court found that appellant's constant accusation of immorality had had a bad effect upon appellee and his business, and that her conduct, taken as a whole, including her disregard of the financial obligations and responsibilities of the parties, had amounted to a course of extreme and repeated cruelty. Accordingly, appellee was awarded a decree of divorce.

It is the claim of appellant in this Court that (1) the court erred in dismissing her bill for separate maintenance and in granting appellee a decree of divorce, and (2) the court's division of the property was inequitable.

We hear chancery cases *de novo* on the record presented. *MacDonald* v. *MacDonald,* 339 Mich 500; *Scherba* v. *Scherba,* 340 Mich 228. However, the trial court had the advantage of seeing and hearing the witnesses, and the decree of the trial court will not be reversed unless the record fails to sustain the decree. *Irvine* v. *Irvine,* 339 Mich 375.

With respect to the first claim made, we have searched the record and we find no basis for disagreeing with the conclusion of the trial court. The record is convincing that the proofs sufficiently establish a case for granting appellee a divorce on the ground of extreme cruelty and we so find.

The marriage having thus ended, it remained to determine custody of children and divide the property of the parties. Custody was awarded to appellant, with appropriate rights of visitation, and no issue is raised with respect thereto. The property, however, has been productive of much acrimony.

Under the terms of the decree, appellant was awarded the home of the parties, having an approximate valuation of $17,000, for the purchase of which $4,000 was advanced by plaintiff's mother, and against which stands a mortgage of $5,800; the household furniture, having a replacement value of approximately $7,000; and an automobile valued at $700. Appellee's income is derived from salary, a bonus, based upon profits, awarded in the discretion of the board of directors, and director's fees. In the year 1953 these totalled $12,300 and for the year 1954 the testimony set the figure at $13,300. The salary alone is $8,000 per year which, appellee contends, amounts to approximately $132 per week after deduction of withholding tax. The order of the court as to payments provided for $65 per week for the support and maintenance of the minor children, plus $15 per week alimony.

The defendant was left with his stock in the Whittaker Electric Company which, in the opinion of the trial court, it was necessary that he retain "in order that he may produce the income necessary to make the payments hereinafter required." Upon this record, considering the small size of the corporation, and appellee's position and stockholdings therein, we cannot disagree with the trial court's conclusion, and it is unnecessary that we decide whether the book value or the fair market value thereof controls its valuation. In addition, defendant was left with the assets of a subordinate business venture, having a net value of approximately $2,900, together with his continuing responsibility for debts theretofore incurred in the sum of approximately $6,400, and costs of suit.

The parties differ widely in their valuation of assets, much of the discrepancy turning upon the proper valuation of the corporate stock retained by defendant. Appellee urges upon us that his wife received a net award of approximately $15,400, while he retained a net, above indebtedness, of approximately $16,000. Appellant, on the other hand, urges that she received less than 1/3 of the assets and that the decree "should be modified to award appellant 60% of all the assets, and the alimony and support for plaintiff and her minor children should be increased to $150 per week."

We do not propose to reconcile the arithmetical differences between the parties for we do not decide the division of property and income upon a mathematical basis. We stress again that there is no rigid rule for division of property in divorce actions. *Hallett* v. *Hallett,* 279 Mich 246; *Morrish* v. *Morrish,* 338 Mich 261. Our standard is the standard of fairness and equity. We recently had occasion, in *Cartwright* v. *Cartwright,* 341 Mich 68, to pass upon the

question of division of property and income in a suit for divorce. We there said (p 76):

"We have held that under the law of this State a division of property need not be equal but rather should be fair and equitable under all of the circumstances involved."

Among the circumstances we consider the situation and needs of the minor children, the conduct of the parties, the duration of their marriage, the contributions of the parties to the joint estate, the age of the parties, their health and station in life, together with their circumstances and necessities. Where the wife is the party at fault, as here, and she complains to us that her allotted portion of the property and income has not been sufficiently generous, social considerations of the most complex nature arise. The chancellor may be forgiven if his eyes narrow when he hears a wife at fault complaining that she did not get enough of the property when the family broke up. At the same time she remains, in spite of her fault, the custodian and mother of the children, whose interests are paramount. We agree with appellant that her health must receive, in view of her responsibilities, careful consideration, but we cannot say it did not. The trial court states with respect thereto:

"I have in mind the medical testimony introduced in this case that the plaintiff has a heart condition which she has had practically all of her life, and which was present before these parties were married, but which prevents her from carrying on to some extent the ordinary activities of a woman of her age."

Upon the record made we cannot conclude that the decree of the trial court was unfair or inequitable. The husband, it is true, retains his corporate stock, which is of substantial value, but its retention should benefit all parties. He seems not unduly

favored upon the whole record.  We note that he lives in one room in the factory, cooks his own meals, and has sold his car to help pay his debts.  We are not convinced that inequity has been done.  The slender assets as well as the sorrows and the burdens seem to have been fairly equated.  We will not disturb.

The decree is affirmed, but without costs.  *Reuter v. Reuter,* 338 Mich 46.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.