## KUNTZE v. KUNTZE.

1. DIVORCE—UNCLEAN HANDS—EVIDENCE.
    Charge that plaintiff wife in suit for divorce had come into court with unclean hands was not sustained by showing she had refused to sign a renewal of a chattel mortgage on their farm machinery, livestock and wheat crop at time marriage was already beyond recall.

2. SAME—EXTREME CRUELTY—EVIDENCE.
    Decree of divorce on ground of extreme cruelty *held*, to have been properly granted to plaintiff wife in suit wherein 2 of the 4 children testified in her behalf.

3. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—EVIDENCE.
    Chancery cases will not be reversed on appeal to the Supreme Court, unless the record fails to sustain the decree, especially where the trial court saw and heard the witnesses, although the review is *de novo* on the record.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 200.
[3] 3 Am Jur, Appeal and Error §§ 858, 912.
[4] 17A Am Jur, Divorce and Separation § 924 *et seq.*

4. DIVORCE—DIVISION OF PROPERTY—EQUITY.

Division of property by trial court in suit for divorce terminating marriage of nearly 23 years, whereby there was a 50/50 split *held,* fair and equitable under the circumstances.

Appeal from Huron; Bach (Arthur M.), J. Submitted October 18, 1957. (Docket No. 88, Calendar No. 47,110.) Decided March 4, 1958.

Bill by Genevieve M. Kuntze against Earl F. Kuntze for divorce on ground of extreme cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Donald R. Clark,* for plaintiff.

*Frederick S. Beach,* for defendant.

KELLY, J. After nearly 23 years of married life, plaintiff filed a bill for divorce. Four children were born as a result of the union; 2 of whom reside with plaintiff, 1 with defendant, and the other, a nurse, is away from home. From a decree granting the divorce, defendant appeals.

Defendant contends the divorce should be set aside since plaintiff did not come into court with clean hands. The record clearly indicates acts on the part of defendant justifying the trial court's opinion and decision that plaintiff was entitled to a decree of divorce. From the start of their married life defendant was domineering; was abusive both toward his wife and the children, and has been guilty of physical violence. He was not too close to his children and seldom had time for them, and expressed a desire for a divorce.

Defendant contends, however, that most of the difficulties were caused by his wife's failure to adhere to his religion, which she had promised to do prior to marriage. While religious differences were present, we agree with the trial court that they were a

result of the difficulties between the parties rather than the cause of such difficulies. The record shows that plaintiff joined defendant's church and attended regularly for the first 12 years of her marriage, taking the children with her. Defendant seldom attended church, and never took the children.

Defendant further claims that plaintiff was guilty of unclean hands because she refused to sign a renewal of a chattel mortgage covering all their farm machinery, livestock and wheat crop, as a result of which defendant was forced to sell the mortgaged property to pay off the mortgage. Plaintiff answered this by stating the chattel mortgage became due in the spring of 1956, approximately the time of the separation; that she was left in the dark as to the business affairs of defendant and did not know what was going on, and that defendant at one time told her that if anything happened to him she "would be out in the road."

We do not feel that plaintiff's refusal to sign the chattel mortgage sufficient to charge her with unclean hands. The marriage was already beyond recall, and it was only natural that plaintiff would seek to avoid incurring any further liability.

We conclude that the lower court properly granted a decree of divorce to plaintiff. The court viewed the witnesses and was impressed with the fact that the 2 daughters of the parties testified on behalf of the plaintiff. While we hear chancery cases *de novo* we are cognizant that the lower court has the best oportunity to observe the witnesses and to give the proper weight to their testimony.

In *Whittaker* v. *Whittaker,* 343 Mich 267, at page 270, we said:

"We hear chancery cases *de novo* on the record presented. *MacDonald* v. *MacDonald,* 339 Mich 500; *Scherba* v. *Scherba,* 340 Mich 228. However, the trial court had the advantage of seeing and hearing

the witnesses, and the decree of the trial court will not be reversed unless the record fails to sustain the decree. *Irvine* v. *Irvine,* 339 Mich 375."

Defendant further complains that the property settlement decreed by the lower court was unfair and inequitable. The property was gained through the joint efforts of both parties and plaintiff worked in the fields and helped with the farm work. Plaintiff was awarded the household furnishings and furniture in her possession, along with a 1948 Buick automobile. Defendant was allowed whatever household furnishings still remained in his possession, together with a pickup truck, the remaining farm machinery and livestock.

The realty had a value of $38,100, and the court concluded this should be split on a 50/50 basis. Subtracting indebtedness totalling $14,985, a net value of $23,115 remained. Under the 50/50 split both parties would, therefore, be entitled to $11,557.50. Rather than a forced sale, the lower court gave to plaintiff property valued at $18,000 but encumbered with a lien of $4,000, thereby establishing a value of $14,000, the plaintiff to pay to defendant $2,442.50, and defendant to have a lien on the property awarded plaintiff for such amount. Defendant was given the remainder of the property (valued at $20,100), he to assume the balance of the indebtedness ($10,-985), leaving his share at $9,115, which, together with the $2,442.50 plaintiff owed him, brought his share up to an equal amount of $11,557.50. Defendant was further ordered to pay off a joint obligation to the Hubbard State Bank in the amount of $1,235 and hold plaintiff harmless from said debt, and plaintiff was not to pay on the $2,442.50 due defendant until he had paid the obligation to the bank or secured a release from liability thereon for plaintiff.

In *Whittaker* v. *Whittaker, supra,* it was held (pp 271, 272):

"We do not propose to reconcile the arithmetical differences between the parties for we do not decide the division of property and income upon a mathematical basis. We stress again that there is no rigid rule for division of property in divorce actions. *Hallett* v. *Hallett,* 279 Mich 246; *Morrish* v. *Morrish,* 338 Mich 261. Our standard is the standard of fairness and equity. We recently had occasion, in *Cartwright* v. *Cartwright,* 341 Mich 68, to pass upon the question of division of property and income in a suit for divorce. We there said (p 76):

" 'We have held that under the law of this State a division of property need not be equal but rather should be fair and equitable under all of the circumstances involved.' "

The decree of the trial court was fair and equitable. Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.