HEIKE v HEIKE

Docket No. 129894. Submitted October 13, 1992, at Lansing. Decided February 16, 1993, at 10:10 A.M.

Christina M. Heike obtained a divorce from Robert C. Heike in the Oakland Circuit Court, Steven N. Andrews, J. She appealed, claiming that the court, in dividing the marital estate, erred in failing to determine the present value of the defendant's pension on the basis of the earliest possible retirement age as mandated by *Kilbride v Kilbride,* 172 Mich App 421 (1988), and in not awarding her certain monies given by her mother to the parties during their marriage. She additionally claimed that the court erred in denying her an award of attorney fees.

The Court of Appeals *held:*

1. The present value of a pension, subject to division upon divorce, need not always be calculated on the basis of an assumption that retirement will be at the earliest possible date. A circuit court must use the valuation method that leads to a fair and equitable division of property under the circumstances of a given case. In this case, the trial court did not clearly err in assuming that the defendant's retirement would be at age sixty-two rather than fifty-six, the earliest possible retirement age, in light of the age of the parties' minor daughter and her reliance on the defendant.

2. The trial court did not err with respect to the money given by the plaintiff's mother. Part of that money was used as a down payment for the purchase of the parties' home, which subsequently was sold at a profit that was divided equally between the parties.

3. The trial court did not abuse its discretion in denying the plaintiff attorney fees. She failed to show that such an award was necessary to enable her to prosecute the action.

Affirmed.

GRIBBS, J., concurring, stated that, as a member of the panel in *Kilbride,* he has since modified his view with respect to requiring in all cases that the present value of a pension to be divided upon divorce be calculated on the basis of the earliest retirement date.

*Stanley T. Dobry,* for the plaintiff.

*Jacob M. Femminineo,* for the defendant.

Before: MURPHY, P.J., and GRIBBS and FITZGER-ALD, JJ.

MURPHY, P.J. Plaintiff, Christina M. Heike, appeals from a judgment of divorce entered by the trial court on May 22, 1990. Plaintiff contends that the trial court erred in failing to properly calculate the value of the pension of defendant, Robert C. Heike, in failing to return to plaintiff money given to the parties by plaintiff's mother during the marriage, and in failing to award plaintiff attorney fees. We affirm.

Plaintiff and defendant were married on August 10, 1984. The parties agreed to allow plaintiff's mother to live with them in their home, and, in consideration of this, plaintiff's mother sold her home and gave the net proceeds of approximately $22,500 to the parties. Defendant deposited the money in his bank account, to which plaintiff had access. Plaintiff and defendant then purchased a home from defendant's mother on land contract, paying a $10,000 down payment with funds taken from the same bank account in which defendant had deposited the money from plaintiff's mother. When the marital home was sold shortly before the judgment of divorce was entered, the parties netted a profit of approximately $24,000, of which plaintiff received $12,000.

The trial court determined that plaintiff could not recoup the amount that her mother had given to her and defendant. The trial court also determined the value of defendant's pension on the basis of a retirement age of sixty-two for purposes

of determining plaintiff's share, instead of age fifty-six as urged by plaintiff. The trial court further held that plaintiff was not entitled to attorney fees.

I

Plaintiff contends that the trial court erred in valuing defendant's pension using the hypothetical retirement age of sixty-two instead of the earliest possible retirement age of fifty-six under the pension plan. We disagree.

In a divorce case, our review is de novo. *Sparks v Sparks*, 440 Mich 141, 147; 485 NW2d 893 (1992); *Beason v Beason*, 435 Mich 791, 805; 460 NW2d 207 (1990). We review the trial court's findings of fact for clear error. MCR 2.613(C); *Sparks, supra,* 149-151; *Beason, supra,* 805. If the findings of fact are upheld, we determine whether the dispositive rulings were fair and equitable in light of those facts. *Sparks, supra,* 151-152. The dispositive rulings of the trial court are discretionary and should be affirmed unless this Court is left with the firm conviction that the division was inequitable. *Id.,* 152; *Kuntze v Kuntze,* 351 Mich 144, 148; 88 NW2d 608 (1958); *Whittaker v Whittaker,* 343 Mich 267, 272; 72 NW2d 207 (1955).

In *Kilbride v Kilbride,* 172 Mich App 421, 437-438; 432 NW2d 324 (1988), this Court held that in valuing a pension, the trial court must assume that the employee spouse will retire at the earliest retirement date permitted by the pension plan. The method set forth in *Kilbride* for calculating the present value of accrued benefits has since been rejected in part by this Court in *Booth v Booth,* 194 Mich App 284, 289-291; 486 NW2d 116

(1992).[1] See also *Kurz v Kurz,* 178 Mich App 284, 292, n 2; 443 NW2d 782 (1989). While *Booth* did not specifically reject the proposition in *Kilbride* that the earliest possible retirement date must be used when valuing a pension, we do so now.[2] Circumstances often exist that would make it unrealistic to assume that an employee will retire at the earliest possible retirement date. Utilizing a fictitious date results in a fictitious value for the asset. To value a pension on the basis of this required assumption of retirement in the face of contradictory evidence will necessarily result in an unfair or inequitable distribution of this marital asset. The trial court is in the best position to determine the proper date and method of valuation on the basis of the circumstances of each case. See *Booth, supra,* 291. We therefore hold that no one valuation method is *required;* rather, the trial court, when valuing a pension, is obligated to reach a fair and equitable division of the property in light of all the circumstances.

In this case, defendant contended in the trial court that he would work until age sixty-five so as

[1] In *Booth,* we adopted the reasoning of *Rogner v Rogner,* 179 Mich App 326; 445 NW2d 232 (1989), and held that pension benefits accrued before marriage may be subject to property division. *Booth, supra,* 291. In so holding, we rejected the contrary reasoning of *Lesko v Lesko,* 184 Mich App 395; 457 NW2d 695 (1990), *Kurz, supra,* and *Kilbride, supra.*

[2] We also agree with the following comment regarding the criticism that has been leveled at the method of valuing pensions set forth in *Kilbride:*

> The criticism may be well deserved in light of the fact that circuit courts are not encumbered by mandatory methods of asset valuation when distributing other kinds of property. There appears to be no good reason for imposing such a mandate with regard to pensions. Valuation arguments are best left to the parties themselves and their attorneys who can argue that one scheme is better suited than another under the unique circumstances of a particular case or the pension plan at issue. [Faupel, 1990 Annual Survey of Michigan Law, *Family Law,* 36 Wayne L R 611, 656.]

to provide for the parties' daughter, while plaintiff testified that defendant had told her that he would retire at age fifty-six, the earliest possible date under the plan. At the time of the divorce, defendant was fifty-one years old, appeared to be in good health, and worked for his current employer for twenty-five years. The parties' minor child was not quite five years old. The trial court valued the pension on the basis that defendant would retire at age sixty-two. In light of the conflicting testimony, and considering that the parties have a minor child, a fact that may necessitate that defendant work past age fifty-six, the trial court's findings cannot be said to be clearly erroneous. The trial court's decision represents a fair and equitable compromise in light of the facts presented.

II

We further reject plaintiff's contention that the trial court erred in failing to return to plaintiff the money given to the parties by plaintiff's mother during the marriage. The trial court found that the money from plaintiff's mother was a gift to both parties equally and that the parties used $10,000 of the money as a down payment on the marital home purchased from defendant's mother for less than market value. The parties enjoyed a profit of approximately $24,000 when the home was sold, which the parties divided equally. There has been no showing that these findings are clearly erroneous. In light of these circumstances, the trial court's holding was equitable.

III

We also reject plaintiff's contention that the

trial court erred in failing to award plaintiff attorney fees. Attorney fees in a divorce action are awarded at the trial court's discretion and are appropriate where necessary to enable a party to prosecute or defend the suit. See MCL 552.13; MSA 25.93; MCR 3.206(A)(2); *Stackhouse v Stackhouse,* 193 Mich App 437, 445; 484 NW2d 723 (1992). This Court will not reverse the decision of a trial court to award or deny attorney fees in a divorce action absent an abuse of discretion. *Wilson v Wilson,* 179 Mich App 519, 525; 446 NW2d 496 (1989). Although defendant in this case earns approximately twice the amount that plaintiff earns, defendant assumed approximately three times the amount of marital debt assumed by plaintiff. In addition, there was no showing that an award of attorney fees was necessary to enable plaintiff to prosecute this action. Accordingly, it cannot be said that the trial court abused its discretion in denying plaintiff's request for attorney fees.

Affirmed.

FITZGERALD, J., concurred.

GRIBBS, J. *(concurring).* I concur in the opinion, but write separately to acknowledge that I have modified my view since my approval of *Kilbride v Kilbride,* 172 Mich App 421; 432 NW2d 324 (1988).

I am now persuaded that any inflexible rule for calculating the present value of a pension may, in a given case, be unrealistic and result in an unfair and inequitable distribution of this marital asset. The facts in this case provide a case in point. I remain convinced that the "earliest date" calculations mandated in *Kilbride* provide a clear direction and a practical rule of thumb that may be appropriate in most cases. However, because of the

wide variety of pension plans and the countless different factual circumstances in divorce cases, I agree with the majority that the trial court needs considerable discretion to reach a fair result under the particular circumstances of each case.