*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JULIE A. REED,

       Plaintiff-Appellee,

v

NATHAN ROBERT REED,

       Defendant-Appellant.

UNPUBLISHED
February 13, 2020

No.  346520
Midland Circuit Court
LC No.  16-004052-DM

Before: FORT HOOD, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's judgment of divorce, arguing that the trial court erred in its division of the parties' pensions. We affirm.

## I. FACTUAL BACKGROUND

Plaintiff and defendant were married for more than 19 years before filing for divorce in 2016. The parties reached a settlement agreement to all aspects of their divorce, apart from "the manner and method" for distributing plaintiff's pension with Midland County and defendant's pension with Midland Public Schools. During a pro confesso hearing, defendant called a certified public accountant, Amy Hebert, to testify. Hebert testified that there were two primary differences between the parties' pension plans. First, defendant's plan, unlike plaintiff's plan, included a 3% cost-of-living adjustment, which meant that defendant's monthly pension amount would gradually increase each year. Second, defendant's plan permitted plaintiff as alternate payee to receive benefits before defendant retired. However, defendant could not receive pension benefits under plaintiff's plan until she retired. Plaintiff is eligible to retire when she is 60 years old, and defendant is eligible to retire when he is 48 years old. Both parties were 45 years old at the time of the hearing. Hebert stated that if defendant chose to retire in three years at age 48, it "wouldn't be equitable" if defendant had to wait until plaintiff decided to retire in order to collect on her pension.

Hebert explained that rather than dividing both pensions in half and giving each party a right to 50% of the other party's pension, she applied an "offset method," whereby plaintiff would keep her full pension and receive a smaller portion of defendant's pension. The parties' monthly

pensions were similar in amounts, so she calculated a monthly base amount by combining both parties' monthly pensions and dividing it by two. Because defendant's monthly pension amount would be slightly higher, in order to ensure both parties received an equal monthly amount, plaintiff would receive an additional portion of defendant's pension per month. Hebert testified that she thought the offset method would be the most equitable under the circumstances because plaintiff could keep her entire pension while still being able to receive a portion of defendant's pension to ensure that the total value of the pensions was distributed evenly, and defendant could elect to retire early and receive a full monthly pension payment rather than receiving only half of his payment until plaintiff could retire 12 years later.[1]

The trial court declined to apply the proposed offset method and instead concluded that a 50/50 distribution method should be applied. The court explained that if plaintiff elected to receive her half of defendant's pension before she retired, and if defendant retired before plaintiff, it may reduce defendant's pension to the extent that he could not survive on his pension payment alone. However, the court also stated that there were circumstances in which the offset method would be inequitable to plaintiff, and noted that plaintiff's right to her 50% of the pension plans need not be encumbered by the possibility of defendant's anticipated retirement and unilateral decision not to seek further employment. The parties were each entitled to half of the pension funds and there was no reason not to apply the conditions of each fund equally to both parties. The trial court concluded that awarding 50% of each party's pension was "the most equitable method for division," and entered a judgment of divorce providing that plaintiff would receive 50% of defendant's pension as of November 27, 2016, through an Eligible Domestic Relations Order (EDRO). The trial court also ordered that defendant receive 50% of plaintiff's pension as of November 27, 2016, through a Qualified Domestic Relations Order (QDRO).

II. ANALYSIS

Defendant argues that the trial court clearly erred by refusing to tailor its property division determination to defendant's testimony that he anticipated retiring at age 48. By extension, defendant also argues that the trial court's decision to distribute the pensions according to the 50/50 method rather than the offset method was unfair and inequitable.[2] We are not left with a firm conviction that the trial court's property division was inequitable, and accordingly, we affirm.

---

[1] Although defendant was not sure whether he would seek other employment after retiring, he testified that he intended to retire as soon as he became eligible, and he testified that he would "[a]bsolutely not" be able to live on half of his pension.

[2] We note the implication from defendant's brief that the trial court should have articulated more specific reasons as to why the offset method would have been inequitable for plaintiff. Defendant fails to cite any legal authority to support this argument, and "appellants may not merely announce their position and leave it to this Court to discover and rationalize the basis for their claims." *VanderWerp v Plainfield Charter Twp*, 278 Mich App 624, 633; 752 NW2d 479, 485 (2008). Moreover, the trial court articulated its concerns though its cross-examination of Hebert, noting

"In reviewing a trial court's property division in a divorce case, we must first review the trial court's findings of fact." *Gates v Gates*, 256 Mich App 420, 422-423; 664 NW2d 231 (2003). We review a trial court's factual findings for clear error. *Sparks v Sparks*, 440 Mich 141, 151; 485 NW2d 893 (1992). A finding is clearly erroneous, if, after a review of the entire record, we are "left with the definite and firm conviction that a mistake has been made." *Berger v Berger*, 277 Mich App 700, 702; 747 NW2d 336 (2008). A trial court's dispositional ruling should be affirmed unless we are "left with the firm conviction that the division was inequitable." *Sparks*, 440 Mich at 152.

Rights to vested pension benefits accrued by a party during the marriage are considered part of the marital estate subject to award upon divorce. MCL 552.18(1); *Vander Veen v Vander Veen*, 229 Mich App 108, 110-111; 580 NW2d 924 (1998). Both of the parties' pensions were accrued during the marriage, so the trial court properly determined that the pensions were marital property subject to distribution. The methods of valuation and distribution of a pension's interest may vary. *Pickering v Pickering*, 268 Mich App 1, 8; 706 NW2d 835 (2005). The method of distributing a pension falls within the discretion of the trial court. *Sparks*, 440 Mich at 145-146; 485 NW2d 893 (1992); *Keefer v Keefer*, 141 Mich App 751, 754-755; 367 NW2d 445 (1985). The trial court is not required to follow one method over another, as long as the method used results in a fair and equitable division in light of all the circumstances. *Heike v Heike*, 198 Mich App 289, 292; 497 NW2d 220 (1993). "[A] judge's role is to achieve equity, not to 'punish' one of the parties." *Hodge v Parks*, 303 Mich App 552, 561; 844 NW2d 189 (2014). When dividing the marital estate, the trial court must consider the following factors when relevant to a particular case: "(1) duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principles of equity." *Sparks*, 440 Mich at 159-160. The *Sparks* factors are relevant when determining whether the trial court's dispositional ruling as to the division of the marital property was fair and equitable. See, e.g., *Berger*, 277 Mich App at 721-722. Nevertheless, "the division of property is not governed by any set rules," *Sparks*, 440 Mich at 159, and the overall goal of property distribution is equity, *Elahham v Al-Jabban*, 319 Mich App 112, 121; 899 NW2d 768 (2017).

In this case, the trial court found that both parties "were only forty-five years old at the time of the hearing, so they both ha[d] the ability to work for at least another decade if they" so desired. Defendant even acknowledged he could continue to work until age 60, even if he retired at age 48.[3] And, although defendant argues that the ability to work past his retirement date would be relevant only if the trial court were determining whether it should grant a party spousal support, we note that the parties' age, health, life status, and earning abilities are relevant to the issue of

that the offset method would allow defendant 12 years of access to funds that are, by definition, 50% plaintiff's funds, before plaintiff would ever have equal access to the same.

[3] Defendant testified that he was not sure whether he would seek alternative employment if he chose to retire at 48.

property distribution. See *Sparks*, 440 Mich at 159-160. General principles of equity are another relevant factor. *Id.* at 160. Here, the trial court stated that defendant could not claim the 50/50 method was inequitable simply for his "unilateral decision" to retire and "to not seek any further employment to address any financial shortcomings." We discern no clear error from that statement, nor can we discern any clear error from the court's consideration of the equities.

Recognizing that both parties should be entitled to 50% of their respective pensions leads to a conclusion that they should be so entitled irrespective of the rules and conditions placed on each pension. Or to put it another way, the two pension plans, which are both marital assets, should be applied evenly to the parties. Defendant's argument that he should be able to retire at 48 and receive a full pension at the same time is akin to arguing that he should be entitled to all of the benefits of his retirement plan and plaintiff should be entitled to none. Defendant does not wish to be bound by the restrictions contained in plaintiff's plan, yet, defendant does not contest that both plans are marital assets that should be distributed equally. Moreover, the corollary of defendant's contention that it would be inequitable for him to have to wait 12 years to collect his portion of plaintiff's pension plan is that, if the court employed the offset method suggested by defendant, plaintiff would have had to wait 12 years before she could collect her portion of defendant's plan. In the former scenario, both parties can reap the benefits of defendant's pension while they wait to reap further benefits from plaintiff's pension. In the latter scenario, only defendant derives any benefit and only plaintiff is required to wait. The trial court concluded that it would be more equitable to let both parties enjoy their portion of each retirement plan at the same time.[4]

We conclude that the trial court was required to balance the equities in light of the all of the circumstances and did so. *Heike*, 198 Mich App at 292. The court considered the value of both pensions, the contribution of the parties, as well as the fairness of distributing the property in a manner that would allow the parties equal access to their share of the property, irrespective of any indefinite future actions taken by the parties. The court was not required to consider, as it noted, "unknown future events or actions by the parties," and thus, defendant has failed to show that the trial court's equal division of the pensions was clearly inequitable. See *Sparks*, 440 Mich at 152.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Jane M. Beckering
/s/ Mark T. Boonstra

---

[4] Thus, we cannot conclude that the trial court clearly erred in determining that it "[did] not have to accept Defendant's claim of anticipated retirement," because whether defendant chose to retire or not would not change the analysis for the purpose of distribution.