KEEFER v KEEFER

Docket No. 74550. Submitted February 8, 1985, at Lansing.—Decided
April 2, 1985.

Plaintiff, Byron E. Keefer, brought an action in the Washtenaw
Circuit Court seeking a judgment of divorce from defendant,
Nancy L. Keefer. The trial court, William F. Ager, Jr., J.,
issued an opinion and order granting a divorce. Defendant
appeals alleging error in regard to the property settlement,
more particularly, whether the trial court's handling of plain-
tiff's pension benefits was equitable. *Held:*

Under the facts and circumstances of this case, where plain-
tiff's pension is vested and he is already receiving pension
benefits, the Court of Appeals agreed with the trial court that
it is preferable to handle the pension in terms of future
alimony rather than making a cash award in the property
settlement.

Affirmed.

1. DIVORCE — MARITAL ASSETS — PENSIONS.

A pension which has a reasonably ascertainable present value
should be considered as a marital asset by the trial court in a
divorce action.

2. DIVORCE — MARITAL ASSETS.

The division of property in a divorce action is within the trial
court's discretion once the trial court has properly recognized
the property to be a marital asset.

3. DIVORCE — MARITAL ASSETS — PENSIONS — ALIMONY.

The immediate reduction to present value and distribution of
potential benefits is only one of the possible means of distribu-
tion of a pension in a property settlement in a divorce action;

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 24 Am Jur 2d, Divorce and Separation § 905 *et seq.*
Pension or retirement benefits as subject to award or division by
court in settlement of property rights between spouses. 94 ALR3d
176.
[2] 24 Am Jur 2d, Divorce and Separation § 864 *et seq.*
[3] 24 Am Jur 2d, Divorce and Separation § 925.

the trial court may also distribute pension benefits as they are received; alimony is an appropriate vehicle, in proper cases, to put a just division of pension benefits in the hands of the non-pension-holding spouse.

*Jackson & Lamb* (by *Charles A. Duerr, Jr.,* of counsel), for plaintiff.

*Jamie P. Keillor,* for defendant.

Before: DANHOF, C.J., and T. M. BURNS and BEASLEY, JJ.

BEASLEY, J. Defendant, Nancy L. Keefer, appeals as of right from a divorce judgment awarded plaintiff, Byron E. Keefer, on October 6, 1983, pursuant to a written opinion filed by the trial judge on July 26, 1983. The issue on appeal is whether the property settlement was fair and, more particularly, whether the trial court's handling of plaintiff's pension benefits was equitable.

The parties were married in 1960. Each had been married before. Three children were born of their marriage, two of whom had become adults at the time of the divorce. The youngest, then age 14, was placed in his mother's custody and the father was ordered to pay child support, plus tuition and fees for a private school. The divorce judgment also contained the usual property settlement provisions. At the time of the divorce, plaintiff-husband was 61 and defendant-wife 47.

In April, 1981, plaintiff retired from the United States Postal Service after 31 years of service as a rural letter carrier.[1] Also in April, 1981, plaintiff filed suit for divorce. The parties had separated around December, 1979, when defendant discovered a photograph of another woman in plaintiff's

[1] For pension purposes, plaintiff was also entitled to credit for two years of military service.

clothing. Although plaintiff denied having a relationship with the other woman, he eventually married her after the divorce.

In his opinion, the trial judge assessed fault for the break-up of the marriage against plaintiff, a fact-finding with which we are in accord.

At the time of his retirement in 1981, plaintiff received $928 per month from his pension, which sum may have been subsequently increased due to cost of living adjustments. Plaintiff did not have any other income. Defendant had worked outside the home on a part-time basis during the marriage. After the parties' separation, she took a full-time rural letter carrier position to support herself and the parties' minor child. Her income as a letter carrier was around $19,000 per year.

At trial, defendant offered the testimony of an expert who said that the then current value of plaintiff's pension was $93,000. This valuation was based upon a life expectancy for plaintiff of 23.5 years, a figure that he obtained from a large life insurance company. On cross-examination, he said that utilizing a life expectancy of 16.12 years, as provided under Michigan's statutory mortality tables, the current value of plaintiff's pension would be around $83,679.

In his written opinion, the trial judge dealt with plaintiff's pension as follows:

"The one minor problem area is the pension which the plaintiff is now receiving, having opted for an early retirement. There is no question that if the plaintiff was working, the defendant would have the right to claim an interest in this pension fund, at least for the value of the pension attributable to the contributions made during the marriage of the parties. However, a different situation arises when a person is receiving benefits payable under this pension plan. The pension fund does have a value but the plaintiff is only able to

receive a certain amount per month as payment under this plan. A part of this is being used for child support. It does not appear at this time that there are any assets available which could be used to offset plaintiff's interest in the pension plan. If the parties were still married and plaintiff died, defendant would be entitled to certain benefits under this pension plan. It is the court [sic] understanding that she will lose this right after the divorce is granted. The Court is of the opinion that once the pension is in 'pay status' a different rule applies. It may at first glance seem unfair that if a person is working, his pension plan is a part of the marital estate and an asset and the other party is entitled to a portion of this asset, whereas, if the person has retired, the pension is in 'pay status' and the pension itself is not an asset. Only the monthly payments received from the pension are an asset. The court does approve the recommendation set forth in the Attorney-Referee findings as to the pension. However, the court does reserve alimony in favor of defendant against the plaintiff. The court does not reserve alimony in favor of the plaintiff against the defendant."

The court then indicated that, once support payments ended, if the defendant was "in poor health or her income has decreased or she is in need, the court would, by reserving alimony, have the right to order some alimony be paid to the defendant". The court indicated that if defendant was in need in the future, she may well be entitled to alimony payable from the pension plan.

On appeal, defendant argues that a vested, matured retirement annuity is a marital asset that should be equitably divided in the property settlement. In short, defendant wants a cash award now for her interest in plaintiff's pension.

If a pension has a reasonably ascertainable present value, it should be considered a marital asset by the court.[2] Once a trial court has properly recognized property to be a marital asset, its divi-

---

[2] *Perry v Perry*, 133 Mich App 453, 457; 350 NW2d 275 (1984); *Ripley v Ripley*, 112 Mich App 219, 229-230; 315 NW2d 576 (1982).

sion is within the trial court's discretion.[3] The immediate reduction to present value and distribution of potential benefits is only one possible means of distribution. The trial court may also distribute pension benefits as they are received.[4] Alimony is an appropriate vehicle, in proper cases, to put a just division of pension benefits in the hands of the non-pension-holding spouse.[5]

In *Hutchins v Hutchins*,[6] plaintiff-husband was receiving $545 per month pension as a retired state trooper (although at the time of the divorce he had become a mortician). In remanding, we directed the trial court to consider and include the value of the pension benefits as an asset, specifically saying:

"In so including it, the trial judge will fix such percentage or portion thereof, which under the existing circumstances is equitable."[7]

This case differs from many other divorce-pension cases in that the pension is not only vested, but plaintiff is, in fact, already receiving pension benefits. Under the circumstances of this case, it would seem fairer and better to relate defendant's award to pension payments actually paid plaintiff during his lifetime, rather than placing a dollar figure on his pension based on his life expectancy. When, as here, payments are actually commenced, many of the "ifs, ands and buts" about the pension are eliminated.

We are inclined to agree with the trial judge that, under the facts and circumstances of this case, it is preferable to handle the pension in

---

[3] *Hatcher v Hatcher*, 129 Mich App 753, 766; 343 NW2d 498 (1983).

[4] *Boyd v Boyd*, 116 Mich App 774, 782-783; 323 NW2d 553 (1982).

[5] *Perry, supra*, p 460.

[6] 71 Mich App 361; 248 NW2d 272 (1976).

[7] *Hutchins, supra*, p 372.

terms of future alimony rather than making a cash award in the property settlement.[8]

While we cannot predict future events, it is our intention that defendant be entitled to a realistic evaluation of whether she is entitled to alimony at an appropriate future date. While we are not now in a position to predict with certainty when that will be, perhaps such a time will be when plaintiff's obligation to pay child support for the youngest child ends.

Affirmed.

---

[8] *Boyd, supra,* p 790.