*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ZAINAB HANS,

      Plaintiff-Appellant,

v

AHSAN HANS,

      Defendant-Appellee,

and

EISENBERG & SPILMAN, PLLC, and HOWARD
I. WALLACH,

      Other Parties.

UNPUBLISHED
March 31, 2022

Nos. 355468; 356936
Oakland Circuit Court
LC No. 2016-842481-DM

Before: RICK, P.J., and MURRAY and SHAPIRO, JJ.

PER CURIAM.

      In March 2019, the trial court entered a judgment of divorce, consistent with an arbitrator's award. The judgment was approved by both plaintiff and defendant. In July 2019, defendant filed a motion for clarification of the judgment as applied to the distribution of proceeds from the sale of real property, primarily because of competing attorney liens. On September 16, 2019, the trial court issued a postjudgment order explaining how the sale proceeds were to be distributed. Plaintiff now appeals, and we affirm.[1]

---

[1] Plaintiff initially filed an appeal as of right from the trial court's September 16, 2019 order, which was assigned Docket No. 355468. After defendant filed his appellee's brief and challenged this Court's jurisdiction as of right, plaintiff filed a delayed application for leave to appeal the same order, which was assigned Docket No. 356936. This Court granted the application and

-1-

## I. BACKGROUND

Plaintiff and defendant were married in 2008, and in 2016, plaintiff filed for divorce. The trial court eventually entered a stipulated order sending the case to binding arbitration. After the arbitrator issued a final decision, the parties agreed on the terms of a judgment, which incorporated the arbitrator's award. The parties had substantial debt, which included attorney fees and other unsecured debt. The arbitrator ordered the parties to pay their own attorney fees, except that defendant was required to pay $50,000 of plaintiff's attorney fees. Defendant was also ordered to pay 75 percent of the unsecured marital debt and plaintiff was to pay the remaining 25 percent. The two most significant marital assets were the family residence on Linden Way in Auburn Hills, and a residential condominium on Berkshire in Sterling Heights. The parties' attorneys were granted liens against the properties for their outstanding attorney fees, with the arbitrator estimating that plaintiff owed her attorney approximately $140,000 and that defendant owed his counsel at least $50,000.

Both the arbitration award and the divorce judgment addressed scenarios for selling both properties and distributing the sales proceeds to pay the parties' unsecured debt, but also recognized that the properties were subject to the attorney liens. When preparing to sell the first property, uncertainty arose over how to distribute the sale proceeds under the terms of the judgment, particularly because the equity value of the first property was inadequate to pay all of the attorney liens. Even when the second property sold a short time later, there did not appear to be enough equity in that property to satisfy the attorney liens and the remaining marital debt.

Defendant moved for clarification of the judgment with regard to how to distribute the sales proceeds. At that time, plaintiff owed her counsel $137,340.65, of which defendant was required to pay $50,000. Defendant owed his attorney approximately $85,000. After considering defendant's motion, the trial court clarified that the attorney liens, including the $50,000 owed by defendant to plaintiff's counsel, should be given equal priority and be paid first. The first property lacked sufficient equity to satisfy the attorney liens, so the attorneys agreed to release their liens to allow the sale of the property to be completed.

Plaintiff moved for reconsideration of the trial court's decision because she believed it effectively gave defendant more than a 50-percent share of the equity in the property. She argued that the divorce judgment and the arbitrator's decision first required the sale proceeds to be equally divided between the parties, before applying the proceeds to satisfy the attorney liens. Accordingly, the $50,000 amount owed by defendant to plaintiff's attorney would not be given priority, which might have allowed plaintiff to either fully pay her attorney, pay off some of her share of the marital debt, or allowed her to directly receive a portion of the sale proceeds. The trial court disagreed and denied plaintiff's motion for reconsideration.

## II. ANALYSIS

---

consolidated the two appeals. *Hans v Hans*, unpublished order of the Court of Appeals, entered May 20, 2021 (Docket No. 356936).

Plaintiff challenges the trial court's decision clarifying the terms of the divorce judgment as applied to the distribution of the sales proceeds, arguing that the trial court erred in its interpretation of the judgment, acted without authority to modify the judgment, and failed to reach a result that equitably divided the marital estate.

The divorce judgment was entered in accordance with an arbitration decision and the parties agreed to the terms of the judgment. As such, plaintiff appropriately characterizes the judgment as a consent judgment. A consent judgment of divorce is to be construed as a contract. *Andrusz v Andrusz*, 320 Mich App 445, 452; 904 NW2d 636 (2017).

> [A] consent judgment can only be modified with the consent of the parties, at least in the absence of fraud, mistake, illegality, or unconscionability. *Blaske v Blaske*, 33 Mich App 210, 212; 189 NW2d 713 (1971); *Greaves v Greaves*, 148 Mich App 643, 646; 384 NW2d 830 (1986). The trial court may, however, fill voids in an incomplete consent judgment, and in so doing must balance the equities insofar as is possible under the circumstances. See *Greaves*, 148 Mich App at 646-647. The consent judgment at issue in this matter is a contract and must be treated as such pursuant to ordinary principles of contract interpretation. [*In re Lobaina Estate*, 267 Mich App 415, 417-418; 705 NW2d 234 (2005)]. [*Andrusz*, 320 Mich App at 453.]

This Court "review[s] de novo as a question of law the proper interpretation of a contract, including a trial court's determination whether contract language is ambiguous." *Id.* at 452. Unambiguous contracts must be enforced as written, but if a contract is ambiguous, its meaning becomes a question of fact. *Id*. at 453. This Court reviews a trial court's factual findings for clear error. *Id*. at 452. "A finding is clearly erroneous if, after a review of the record, we are left with a definite and firm conviction that the trial court made a mistake." *Lueck v Lueck*, 328 Mich App 399, 404; 937 NW2d 729 (2019).

In the arbitrator's original decision, he outlined some very specific scenarios for satisfying the allocated debt and the attorney liens, but which ultimately were inapplicable to the parties' circumstances as they unfolded. In relevant part, the divorce judgment incorporated the arbitrator's award and specified as follows:

> If Plaintiff/Mother either (1) fails to give written notice within 21 days of the entry of this Judgment, (2) fails to refinance the outstanding mortgage on the Linden Way Property within 90 days of the entry of the Judgment of Divorce, or (3) if she indicates within 21 days of entry of the Judgment that she does not desire to be awarded the Linden Way home, then both residences will be placed for sale within 10 days of such notice. Pending its sale, Plaintiff/Mother shall be solely responsible for the mortgage, property taxes, utilities and other costs associated with the Linden Way Property until it is sold. Subject to any applicable lien recorded by either or both parties' counsel, when the first residence is sold, $45,300 of the net proceeds will be applied to the debts being allocated to Plaintiff/Mother and the balance will be applied to debts allocated to Defendant/Father. When the second residence is sold, the balance owed by Defendant/Father on the $181,190 in

debts will be paid from the net proceeds. If there is money remaining after the second residence is sold, the amount remaining will be theoretically divided into two equal amounts, one part theoretically for Defendant/Father and the other one for Plaintiff/Mother. From Defendant/Father's theoretical one-half, $50,000 will be paid to Plaintiff/Mother's counsel by the title company at closing if there are sufficient funds, and, if not, then the balance will be immediately paid to Zainab's counsel. Plaintiff/Mother will receive her one half of the funds when the second house is sold. . . .

Plaintiff seems to argue that the trial court should not have treated the lien for $50,000 that defendant was responsible for paying on an equal basis with the two other liens because it conflicts with the arbitrator's decision, as incorporated into the divorce judgment, to divide the real property equally. However, there was no reason for the court to treat that lien any differently than the two other attorney liens, in light of the limited marital assets.

When defendant moved for clarification of the judgment with regard to disbursing the sale proceeds, the trial court made it clear that it intended to follow the terms of the judgment of divorce with respect to the distribution of the proceeds of the sales of the two properties. It is apparent from the judgment that the sale proceeds were to be divided equally only *after* the proceeds were used to first pay the attorneys, then the arbitrator's fees, and then the couple's marital debts. The judgment of divorce included judgment liens in specific amounts granted to the parties' attorneys, but the arbitrator's decision did not address the actual adjusted amounts of the attorney liens. It is apparent that the problem arose when actually distributing the sales proceeds because of the large attorney liens in comparison to the net proceeds available after the sale of each property. Because the arbitrator's decision did not adequately consider the amounts involved for the attorney liens, the trial court did not err by making a supplemental ruling clarifying how the proceeds should be distributed between the parties' attorneys. To the extent that the judgment can be characterized as a consent judgment entered after arbitration, there was a void related to the actual amount of the liens encumbering the real properties, which the trial court properly could address and resolve because it was incomplete. *Andrusz*, 320 Mich App at 453. Given the large amounts owed, there was no money left over to divide the proceeds equally between the parties.

In short, plaintiff is claiming that she was not treated fairly with regard to the distribution of the sales proceeds because some of the proceeds were used to pay off the share of her attorney fees that defendant was obligated to pay, which plaintiff equates as giving defendant an overall larger share of the proceeds. Although plaintiff maintains that the proceeds should have been divided equally to pay the attorney fees and marital debts, this argument is inconsistent with the intent expressed in the arbitrator's award and, more importantly, it conflicts with what the parties agreed to in the judgment of divorce. They each generally agreed that the real estate proceeds would be applied to paying their attorney fees and other marital debt before being equally divided among them. The trial court had to slightly modify how the sales proceeds would be distributed, but the modifications were generally consistent with the intent expressed by the parties in the

judgment of divorce. Accordingly, plaintiff has not shown that the trial court erred in its interpretation of the divorce judgment.[2]

To the extent that plaintiff argues that the trial court failed to follow the arbitrator's supplemental recommendations after he was asked to clarify his decision, no error has been shown. The arbitrator's recommendation to split the sales proceeds 50-50 to pay the attorney liens first and then pay the marital debt conflicts with the terms of the judgment of divorce and fails to recognize that plaintiff's counsel had filed a lien for the $50,000 portion that defendant owed for plaintiff's attorney fees, giving that payment priority over other unsecured debt. Therefore, the trial court did not err by refusing to follow the arbitrator's supplemental recommendation.

Plaintiff also appears to argue that her share of the debt, $45,300, includes her own payments to her attorney, which means that this debt should have also been given the same priority as the $50,000 in plaintiff's attorney fees for which defendant was responsible. However, the $45,300 that plaintiff was required to pay was not treated as legal fees, but as unsecured debt, and defendant likely also had credit card debt that included his attorney fees. Any debt for attorney fees the parties already paid with their credit cards was treated differently and had a lower priority because it was not secured by liens.

In sum, the trial court's September 16, 2019 order comports with the intent expressed in the arbitrator's original decision and is consistent with the judgment of divorce. Therefore, plaintiff has not demonstrated any error with the trial court's postjudgment rulings regarding distribution of the sales proceeds.

Plaintiff complains that the trial court's postjudgment order fails to achieve an equitable distribution of the marital estate. Because plaintiff did not raise this argument before the trial court, it is unpreserved. Therefore, we review this issue for plain error affecting plaintiff's substantial rights. *Demski v Petlick*, 309 Mich App 404, 426-427; 873 NW2d 596 (2015).

Although plaintiff correctly observes that "[t]he goal in distributing marital assets in a divorce proceeding is to reach an equitable distribution of property in light of all the circumstances," *Berger v Berger*, 277 Mich App 700, 716-717; 747 NW2d 336 (2008), the trial court was not tasked with distributing the marital estate. The parties had already proceeded to

---

[2] We respectfully disagree with our dissenting colleague's view on the allocations made. The judgment required that the debt of both parties be satisfied first, and only if there were any monies left over after satisfying the debts (an unlikely event, as recognized by the court and the parties), would there be an equal share of any remaining proceeds. We also give much deference to the court in addressing these property distribution issues, as the court had to exercise discretion in meeting the changing demands necessitated by when each house was sold and all the competing interests. *Keefer v Keefer*, 141 Mich App 751, 754-755; 367 NW2d 445 (1985). The trial court is not required to follow one method over another, as long as the method used results in a fair and equitable division in light of all the circumstances. *Heike v Heike*, 198 Mich App 289, 292; 497 NW2d 220 (1993).

binding arbitration and the arbitrator had rendered a decision allocating marital debt and distributing the parties' property, and the arbitrator's decision was incorporated into a judgment of divorce, which both parties approved, and neither appealed. The ensuing dispute resulted from changes in the parties' circumstances and the arbitrator's failure to fully factor the amounts of the attorney liens into his original decision. The trial court properly recognized that its role was not to revisit and consider anew a distribution of the marital estate, but to interpret and apply the judgment of divorce. Thus, the trial court did not err by failing to reexamine what was equitable under the circumstances and by instead limiting its role to addressing the void regarding how to pay the attorney liens in a manner that was consistent with the terms of the divorce judgment.[3]

We also reject plaintiff's argument that the trial court lacked the authority to modify the judgment. Because plaintiff did not challenge the trial court's authority to interpret and clarify the terms of the divorce judgment, we review this issue for plain error affecting plaintiff's substantial rights. *Demski*, 309 Mich App at 426-427.

Plaintiff argues that defendant's motion to clarify the judgment was not timely filed under MCR 3.602(J), as a motion to vacate the arbitrator's award, or under MCR 3.602(k), as a request to modify or correct the award. But because defendant's motion involved a request to clarify or modify the divorce judgment, not the arbitrator's award, neither of these rules applied. Defendant's motion for relief from the divorce judgment was timely filed under MCR 2.612(C)(2) (the motion must be filed within a reasonable time).

Plaintiff also argues that her constitutional right to due process of law was violated because the trial court delayed ruling on her motion for reconsideration of the September 16, 2019 order until approximately a year later. Although it appears that the trial court may have issued an order denying the motion for reconsideration on the same day it was filed, the court later explained that it may not have ruled on the motion because plaintiff failed to file a copy of the motion with the judge's chambers. In any event, the trial court addressed the motion for reconsideration on October 27, 2020, and despite the delay, plaintiff did not show that there were grounds to grant the motion for reconsideration. Accordingly, the delay was not prejudicial to plaintiff. Plaintiff's complaint that she was not permitted to argue her motion for reconsideration fares no better, as MCR 2.119(F)(2) provides that a party is not entitled to oral argument on a motion for reconsideration unless the trial court directs otherwise. "The basic requirements of due process in a civil case include notice of the proceeding and a meaningful opportunity to be heard." *Al-Maliki v LaGrant*, 286 Mich App 483, 485-486; 781 NW2d 853 (2009). Because plaintiff had the opportunity to present her arguments in her motion for reconsideration, and the motion was considered and decided by the trial court, plaintiff was not denied due process of law.

---

[3] Plaintiff complains that the trial court improperly ignored the arbitrator's decision when it ruled on defendant's motion to clarify the distribution of the real estate proceeds, but as previously explained, the trial court was addressing a problem that the arbitrator did not fully resolve in his initial decision. The divorce judgment was entered by the trial court, and the court was permitted to make a postjudgment ruling interpreting and applying its own judgment.

Plaintiff also argues that the trial court erred by failing to follow the arbitrator's supplemental recommendation and not entering a proposed order that was approved by the arbitrator. As previously discussed, the court's task was to clarify the meaning of the provision in the divorce judgment providing that distribution of the real estate proceeds was "subject to" the attorney liens. It is apparent that language in the judgment (as well as the arbitrator's award) provided that the net proceeds from the sales of the properties were to first be applied to satisfy the attorney liens and then to pay off the marital debts. Any equal division of remaining sales proceeds was not to occur until the attorney liens and the marital debt was first satisfied. Because the trial court's task was to interpret and apply the terms of the divorce judgment, the trial court properly refused to adopt plaintiff's proposal, which would have allowed her to share in half of the sales proceeds before the liens and debts were satisfied.

The parties agreed to arbitrate the issues in the divorce and they also agreed to the terms of the divorce judgment. An arbitrator's authority to correct errors or omissions in an arbitration award is limited to 14 days after the award is issued. MCL 600.5078(3). The arbitrator's final award, which formed the basis for the judgment of divorce, was filed with the court on February 4, 2019. It was not until July 2019, well after the judgment was entered in March 2019, that defendant filed the motion for clarification of the property award in the judgment with regard to the distribution of the sales proceeds. By that time, the arbitrator no longer had authority to correct or modify his decision. MCR 3.602(L) provides that a trial court shall enter a judgment on an arbitration award and that such judgments have the same force and effect as other judgments. Accordingly, once the judgment of divorce was entered, the trial court had the authority to hear postjudgment motions. See MCR 2.119; MCR 2.612; MCR 3.213. Accordingly, the trial court did not err by entertaining defendant's motion for clarification of the judgment.[4]

Plaintiff is correct that courts have limited authority to vacate a domestic relations award entered after arbitration. MCL 600.5081(2). However, the court did not vacate any award. It was asked to review enforcement of the terms, as incorporated into its judgment, in light of changes in the circumstances surrounding the sales of the marital properties. The trial court made it clear many times that it was only concerned with enforcing the arbitrator's original ruling and the terms as adopted in the divorce judgment. The trial court declined to follow the arbitrator's supplemental recommendation after the judgment was entered because it would have resulted in a modification of the judgment.

In sum, the record shows that the trial court gave effect to the arbitrator's original decision in the postjudgment orders it issued, consistent with the court rules. MCR 3.602(K) and (L). The

---

[4] Because judgment had already been entered, it was the trial court, not the arbitrator, who had the authority to determine whether the terms of the divorce judgment required clarification in order to effectuate the terms of the judgment with regard to the distribution of the sales proceeds. To the extent that the arbitrator was asked for his input on any necessary clarification, he was not at liberty to recommend a result that was inconsistent with terms of the judgment and the original arbitration award. The arbitrator's original decision also did not address the amounts of the attorney liens. By the time the arbitrator was asked for his input after the judgment was issued, the arbitrator lacked the authority to issue a new ruling.

trial court's postjudgment orders did not modify the arbitrator's original decision, but attempted to enforce and follow it, given the changes of circumstances regarding the sales of the real properties and the amounts of the attorney fees owed by the parties. Compare *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 497-501; 475 NW2d 704 (1991). Even though the arbitrator was consulted with regard to his original award, the trial court was not obligated to follow the arbitrator's supplemental recommendation when it was apparent that it was inconsistent with the terms of the divorce judgment.

Next, plaintiff argues that the trial court erred by denying her motion for reconsideration on the basis that the motion was moot because the proceeds from the sale of the Linden Way property had already been distributed in accordance with the trial court's September 16, 2019 order.[5] Even if the trial court erred by holding that the motion was moot, see *Barrow v Detroit Election Comm*, 305 Mich App 649, 659-660; 854 NW2d 489 (2014), the court also stated that if plaintiff's arguments were not moot, plaintiff had not demonstrated a valid basis for reconsideration. Because plaintiff has not shown that the trial court erred by issuing its September 16, 2019 order clarifying how the sales proceeds were to be distributed, any error in the trial court's characterization of plaintiff's arguments as moot was harmless. MCR 2.613(A) ("An error in . . . a ruling or order . . . is not ground for . . . vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.").

Affirmed.


/s/ Michelle M. Rick
/s/ Christopher M. Murray

---

[5] The trial court also explained why it denied plaintiff's motion for reconsideration on the merits.